**No Name Given LINA; Wahyu Cahyadi Tang, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–73499.**

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2012.*

Filed July 24, 2012.

Mei F. Chen, Law Office of Mei F. Chen, San Jose, CA, for Petitioners.

Yedidya Cohen, OIL, David V. Bernal, Assistant Director, Jennifer Paisner Williams, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Lina and Wahyu Cahyadi Tang, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Lina claimed mistreatment on multiple occasions by native Indonesians because of her Chinese ethnicity, including numerous instances of groping on crowded buses when she was a child, one robbery at knife-point, and one occasion when she was physically injured. Substantial evidence supports the BIA's finding that these events, even viewed cumulatively, do not rise to the level of past persecution. *See id.* at 1060 ("We cannot say ... that a reasonable factfinder would be compelled to conclude that these experiences, without more, cumulatively amount to past persecution.") (citations and internal quotations omitted). Substantial evidence also supports the BIA's finding that even under a disfavored group analysis Lina did not demonstrate sufficient individualized risk of persecution. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir.2009). Accordingly, her asylum claim fails.

Because Lina failed to establish eligibility for asylum, she necessarily cannot meet the more stringent standard for withhold-ing of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Finally, Lina does not challenge the agency's denial of her CAT claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).